PETER TOTH, PLAINTIFF, v. CHARLES BAKSA, DEFENDANT.

Submitted October term, 1930—Decided May 15, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *McDermott, Enright & Carpenter.*

*Contra, Nathaniel A. Jacoby.*

PER CURIAM.

This is defendant's rule for new trial in an automobile accident case, plaintiff having received a verdict of $5,000

for personal injuries and damages to his automobile. The reasons under the rule are that the verdict is against the weight of the evidence and the damages excessive.

We think that neither is well founded. The plaintiff was driving his Chevrolet car north on Pershing avenue in Camden and the defendant was driving an Essex car south on the same highway. The plaintiff's story was that the defendant negligently turned out from behind a line of cars in the face of his approaching car and that a side-swiping collision resulted, from which injuries were received causing him to lose parts of two fingers, producing considerable pain, and impairing his earning power. The testimony on liability fairly presented a question for the jury. A number of witnesses testified on each side supporting the respective contentions, but this only emphasized that the question was for the jury and the result reached was justified.

While the damages seem fairly high, we cannot say that they are so excessive as to justify the intervention of the court. Plaintiff was a laborer obliged to work with his hands. He lost part of the index and adjoining fingers, besides receiving injuries to his face and left side; he had approximately $500 expenses and loss of wages. For injuries somewhat similar damages in the sum of $3,850 were sustained by this court in the case of *Hoppock* v. *Easton Transit Co.*, 77 *N. J. L.* 342, and this at a time when the purchasing power of money was appreciably higher than it is now.

The rule will be discharged.